## Korowicki et al. v. Webb Company

*Robert H. Chase*, for plaintiffs.

*A. Grant Walker*, for defendant.

LAUB, J., February 8, 1955.—This matter is before us upon a case stated and the sole question which we are asked to determine is the amount to which claimant is entitled for burial expenses under the terms of an agreement for the payment of workmen's compensation.

Charles Korowicki was killed in an industrial accident November 22, 1949, and on July 21, 1950, an agreement was entered into between defendant and the widow of the deceased in behalf of herself and minor daughter. The agreement was on a form supplied by the Department of Labor and Industry which had a printed caveat at the top stating: "Every question must be answered either with appropriate statement or figures, or the word 'None'." Every question was appropriately answered and in the space provided to show the amount expended for burial the figure $775 was inserted. In the space provided for total compensation payable under the agreement the figure $8,686.50 was inserted, this amount being the total weekly payments due the widow and the child and did not include the items of medical and burial expense.

The agreement was signed by the parties and was approved by the bureau of workmen's compensation, September 11, 1950. On March 10, 1954, claimant entered judgment against defendant in the amount of $8,970.64, of which amount $775 was for burial expense, $566 for medical expense and the balance of $7,629.64 represented compensation to claimant which had been adjusted subsequent to the July agreement because the widow of deceased had remarried subsequent thereto.

There is no dispute as to the periodic compensation to be paid to claimant. What is disputed is the amount which defendant is obligated to pay on account of burial expense. The misunderstanding arises from the fact that the full amount of burial expense was entered in the blank space on the agreement form. Claimant now contends that this constituted an agreement to pay that sum and defendant alleges that there was no agreement to pay the full amount. It is defendant's position that the insertion of the full amount of burial expense was merely a statement of fact to indicate that the total thereof exceeded defendant's statutory obligation. It alleges that there was no agreement to pay the stated sum but that the intention was to pay up to the fullest extent of its statutory obligation which, in this case, was $250.* Claimant, on the other hand, alleges that the word "compensation" includes medical and burial expenses and that the agreement carries with it the obligation to pay all of the amounts set forth therein.

The present difficulty arises from the circumstance that the department has established a form which is both inartistic and vague. The form itself starts out with a statement that the parties ". . . agree upon the following matters which determine dependents right to compensation and its amount and duration." At first blush this would appear to be a form covering the provisions of article IV, sec. 411, of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §752. This section provides that the parties may agree upon the facts and leave the determination of the amount of compensation to the board. On the other hand the phrase "Total compensation payable under this agreement $8,686.50" would

---

* The act as amended August 24, 1953, P. L. 1382, §3, has increased the burial allowance to $425.

seem to indicate that the agreement was not only as to facts but as to figures as well as provided in article IV, sec. 407, 77 PS §731. However, if this be true, then defendant has not agreed to pay anything for medical and burial expenses since those items have been omitted from the total. This would render the agreement void as provided in section 407, supra.

The ambiguity of the agreement is illustrated by the following portion which appears at the bottom of the first page:

"Total compensation payable under this agreement *$8,686.50;* Amount expended for medical *$566.00;* for burial *$775.00.* The above compensation shall be payable *semi-monthly to Harriette Korowicki.*"

If the term "compensation" means medical and burial expenses, why was the agreement drawn so as to exclude those items from the total? Who paid the medical and burial expenses? The agreement does not disclose whether the amount paid was expended by claimant or by someone else. If the medical and burial expenses were intended to be included as compensation then the provision that these items be paid semimonthly to Harriette Korowicki along with the other compensation is improper for under article III, sec. 307, of the act, as amended, burial expenses are paid directly to the undertaker.

It should be observed that nowhere in the agreement is there a clear-cut agreement to pay anything. Paragraph 9 of the agreement contains the statement that compensation payable under the above agreed facts is as follows ". . . $8,686.50". This is an indication that defendant intended to be bound in that amount and it is not contesting that. However, we can find nothing in the words of the agreement which binds defendant to pay burial and medical expense. It is true there is a statement as to the amount which someone has paid for those items but no agreement by defendant to pay

any amount at all. Under these circumstances there is a patent ambiguity which can only be cleared up in the proper manner. Just what the manner is remains to be seen.

Among other things article IV, sec. 413, of the act, as amended, provides that the board or referee may, at any time within one year after the date of the most recent payment under an agreement review, modify or set aside an agreement if it was founded upon a mistake of law or fact. We have been unable to find any provision conferring upon common pleas the right to alter, interpret or modify a compensation agreement. If we were to assume such function, we would be usurping the function of the compensation authorities to whom that task has been delegated. In effect, the present case stated asks us to interpret a compensation agreement which has received the approval of the board but which, in essence, is not capable of interpretation without probing into the intentions of the parties. There is nothing before us indicating such intentions and there are no statutory provisions covering the precise problem which is before us. It seems apparent, however, that one or both of these parties entered into this agreement in mistake of a fact. Defendant mistakenly thought it was obligating itself for burial expenses only up to the statutory allowance. Claimant thought she was agreeing to receive a greater amount. We are, therefore, of opinion that the matter should be referred to the board by petition as provided in section 413, supra, and that notwithstanding a judgment has been entered in this court we have no power to reform the contract in question.

### Order

And now, February 8, 1955, case stated is dismissed without prejudice to either party to initiate appropriate proceedings.